IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:23-CR-00369-M

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | ORDER |
| TRAVIS LAMAR SMITH, | |
| Defendant. | |

This matter comes before the court on the United States' motion for restitution [DE 58], which the United States supplemented [DE 75] after the court requested further briefing. The court held a hearing to address the restitution motions on May 9, 2025. For the reasons stated from the bench, the court finds that the United States has met its burden in showing, by a preponderance of the evidence, that the victim's losses that have been incurred or are reasonably projected to be incurred amount to a total sum of $28,863.97.[1] *See, e.g.*, 18 U.S.C. § 2422(b); 18 U.S.C. § 2429(a), (b)(1)–(b)(3); 18 U.S.C. § 2259(c)(2); *Paroline v. United States*, 572 U.S. 434, 443-45 (2014). Accordingly, the restitution motions are GRANTED, and Defendant is ordered to pay the victim $28,863.97.[2]

---

[1] This sum includes the victim's therapy expenses to date, as well as the projected cost of an additional three years of weekly therapy sessions.

[2] The court recognizes that this restitution order is entered 92 days after Defendant's sentencing hearing. *See* 18 U.S.C. § 3664(5). But that fact "does not deprive the court of the power to order restitution." *Dolan v. United States*, 560 U.S. 605, 611 (2010); *see also McIntosh v. United States*, 601 U.S. 330, 338 (2024) (holding that, when sentencing court misses a "time-related directive," it is not "deprive[d]" of "the power to take the action to which the deadline applies"). At the restitution hearing, Defendant raised no timeliness objection to the court entering restitution.

1

Payment of restitution shall be due and payable in full immediately. However, if Defendant is unable to pay in full immediately, restitution may be paid through the Inmate Financial Responsibility Program (IFRP). The court orders that Defendant pay a minimum payment of $25 per quarter through the IFRP, if available. The court, having considered Defendant's financial resources and ability to pay, orders that any balance still owed at the time of release shall be paid in installments of $50 per month to begin 60 days after Defendant's release from prison. At the time of Defendant's release, the probation officer shall take into consideration Defendant's ability to pay the restitution ordered and shall notify the court of any needed modification of the payment schedule.

The court finds that Defendant is without the ability to pay interest so interest is, therefore, waived. The Clerk of Court is directed to enter an Amended Judgment consistent with this order.

SO ORDERED this 9th day of May, 2025.

_____
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

2